**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **SUNSHINE SHOPPING CENTER,** | : | **CIVIL ACTION** |
| **INC. d/b/a MALL OF ST. CROIX,** | : | |
| **YAHYA YUSUF, HATIM YUSUF, and** | : | |
| **SAFI YUSUF,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TRAVELERS EXCESS AND** | : | |
| **SURPLUS LINES COMPANY** | : | **NO. 24-26** |

<u>**MEMORANDUM OPINION**</u>

**Savage, J.**                                                                 **August 26, 2025**

In this insurance coverage case, we are asked to determine whether an exclusion defeats coverage of a shareholder derivative claim. The parties do not disagree about the interpretation of the policy language. Instead, they dispute whether the coverage provided was illusory. We conclude it was not.

Yahya Yusuf, Hatim Yusuf, and Safi Yusuf, current or former directors and officers of Sunshine Shopping Center, Inc. ("Sunshine"), were sued in a shareholder derivative action in the Superior Court of the Virgin Islands. They requested their insurer, Travelers Excess and Surplus Lines Company ("Travelers"), to defend and indemnify them under the director and officer liability provision in the insurance contract. Travelers denied coverage based on an exclusion of claims brought by shareholders who own more than 5% of Sunshine stock – which all the plaintiffs in the underlying shareholder derivative action do. Sunshine sued Travelers for breach of contract and breach of the duty of good faith and fair dealing.

Travelers moved to dismiss, arguing that the policy clearly excludes these claims from coverage. Upon notice, we converted the motion to a motion for summary judgment.

Although we invited the parties to supplement the record, they did not.  Instead, they reiterated their arguments.  Because we find the exclusion is not illusory and applies, we will grant judgment in Traveler's favor.

## Background

Sunshine Shopping Center Inc. ["Sunshine"] is a privately held, family-owned company that owns and operates the Mall of St. Croix.[1]  The individual plaintiffs, Yahya Yusuf, Hatim Yusuf, and Safi Yusuf, are current and former directors and officers of Sunshine.[2]

Travelers issued Sunshine a management liability insurance policy that included directors and officers liability coverage ("D&O") for the policy period of June 13, 2023 to June 13, 2024.[3]  The D&O covers Sunshine and its directors and officers for loss from "Wrongful Acts" resulting from any "Claim."[4]  It states

The Company will pay on behalf of:

A. the Insured Persons, Loss for Wrongful Acts, except for Loss which the Insured Organization pays to or on behalf of the Insured Persons as indemnification;
B. the Insured Organization, Loss for Wrongful Acts which the Insured Organization pays to or on behalf of the Insured Persons as indemnification; and
C. the Insured Organization, Loss for Wrongful Acts,

resulting from any Claim first made during the Policy Period, or if exercised, during the Extended Reporting Period or Run-Off Extended Reporting Period.[5]

---

[1] Compl. ¶ 7, ECF No. 1.

[2] *Id.* ¶¶ 8-10.

[3] *Id.* ¶ 29.

[4] *Id.* ¶ 32.

[5] *Id.* ¶ 32 (quoting Policy, Directors and Officers Coverage Section § I.A.-C (attached as Ex. 2 to Compl. ECF No. 102 ["Policy"])).

A "Claim" is defined in the policy as "a civil proceeding commenced by service of a complaint or similar pleading … against an Insured for a Wrongful Act."[6]  The policy defines a security holder derivative claim as "any Claim brought on behalf of, or in the name or right of, the Insured Organization by one or more security holders of the Insured Organization in their capacity(ies) as such," and is not brought by or with the assistance of any board member or officer of the company.[7]  The policy contains an exclusion, the "Addition of Ownership Percentage Exclusion Endorsement."  It excludes from coverage "any Claim brought or maintained by or on behalf of, or with the assistance, participation, or solicitation of any person or entity that owns or did own more than 5% of the Named Insured."[8]

At the Policy's inception in June 2023, Sunshine was owned by five shareholders, each of whom owned at least 14.99% of stock.[9]  On September 6, 2023, three of Sunshine's shareholders, Mustafa Yusuf, Hamad Yusuf, and Shihadeh Qattum, filed a derivative action against the company's directors and officers, the named plaintiffs here.[10]  The plaintiff shareholders in the underlying action each own or owned more than 5% of Sunshine stock.[11]

On September 21, 2023, Sunshine notified Travelers of the action and requested defense and indemnity.[12]  Travelers denied coverage on October 20, 2023, based on the

---

[6] *Id.* ¶ 33 (quoting Policy, Directors and Officers Coverage Section § III.A.2.).

[7] *Id.* ¶ 34 (quoting Policy, Directors and Officers Coverage Section § III.J).

[8] *Id.* ¶ 45 (quoting Policy, Addition of Ownership Percentage Exclusion Endorsement).

[9] *Id.* ¶ 51.

[10] *Id.* ¶ 19.

[11] *Id.* ¶¶ 46, 51.

[12] *Id.* ¶ 42.

major shareholder exclusion because each plaintiff in the derivative action owned more than 5% of Sunshine stock.[13]

On July 8, 2024, Sunshine wrote to Travelers requesting it reconsider and reverse its coverage denial.[14] It argued that because all its shareholders owned more than 5% of stock, the major shareholder exclusion prevented coverage for all shareholder derivative actions, rendering the D&O liability coverage illusory.[15] On July 17, 2024, Travelers again denied coverage.[16] This action followed.

### Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Gillispie v. RegionalCare Hosp. Partners Inc.,* 892 F.3d 585, 592 (3d Cir. 2018).

In examining a motion for summary judgment, we must view the facts in the light most favorable to the nonmovant and draw all reasonable inferences in his favor. *Peroza-Benitez v. Smith,* 994 F.3d 157, 164 (3d Cir. 2021) (citing *Santini v. Fuentes*, 795 F.3d 410, 419 (3d Cir. 2015)). Disagreements over what inferences may be drawn from the

---

[13] *Id.* ¶¶ 44-45.

[14] *Id.* ¶ 60.

[15] *Id.* ¶ 62.

[16] *Id.* ¶ 63.

facts, even undisputed ones, preclude summary judgment. *Revock v. Cowpet Bay W. Condo. Ass'n,* 853 F.3d 96, 112 (3d Cir. 2017) (citing *Windsor Sec., Inc. v. Hartford Life Ins. Co.*, 986 F.2d 655, 659 (3d Cir. 1993)). Credibility determinations, the drawing of legitimate inferences from facts, and the weighing of evidence are matters left to the jury. *In re Asbestos Prod. Liab. Litig. (No. VI),* 822 F.3d 125, 135–36 (3d Cir. 2016) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)). Bare assertions, conclusory allegations or suspicions are not sufficient to defeat summary judgment. *Jutrowski v. Twp. of Riverdale,* 904 F.3d 280, 288-89 (3d Cir. 2018) (quoting *D.E. v. Central Dauphin School Dist.,* 765 F.3d 260, 268–69 (3d Cir. 2014)).

### Analysis

The interpretation of an insurance contract is a question of law. *Evanston Ins. Co. v. Treister*, 794 F.Supp. 560, 569 (D.V.I. 199*2); Coakley Bay Condominium Ass'n. v. Continental Ins. Co.*, 770 F.Supp. 1046, 1050 (D.V.I. 1991). A court must interpret the plain language of the insurance contract read in its entirety, giving effect to all its provisions. *Coakley*, 770 F.Supp. at 1050 (citing 22 VI.C. § 846). When the policy terms are clear and unambiguous, the words are construed by their plain and ordinary meaning. *Evanston*, 794 F. Supp. at 569.

"Where the insurer authored the insurance policy and seeks to exclude coverage through its interpretation of that policy, the Court must apply a rigorous standard: '[e]xclusionary clauses must be clear, definite and explicit.'" *Amerada Hess Corp. v. Zurich Ins. Co.*, 51 F. Supp. 2d 642, 648 (D.V.I. 1999), *rev'd on other grounds*, 29 F. Appx 800 (3d Cir. 2002) (citing *Coakley Bay,* 770 F.Supp. at 1050) (quoting *Playboy Enterprises v. St. Paul Fire and Marine Insurance,* 769 F.2d 425, 428 (7th Cir.1985)). An

exclusion that negates the specific coverage offered is illusory. *Scirex Corp. v. Fed. Ins. Co.*, 313 F.3d 841, 850-51 (3d Cir. 2002).

There is no question that the underlying lawsuit is a claim and a shareholder derivative action as defined in the policy. The claim is against the plaintiffs in this action who are officers and directors of Sunshine – all of whom are named insureds.

The policy provides coverage for shareholder derivative actions, except where the claim is brought by or on behalf of any person who owns more than 5% of the named insured company. The plaintiff shareholders in the derivative action each owned more than 5% of the shares of Sunshine.

Plaintiffs do not contend that the language of the exclusion is ambiguous or does not apply. Instead, they argue that because all shareholders own more than 5% of Sunshine stock, no shareholder derivative action would ever be covered. So, they insist, the D&O liability coverage is illusory.

The plaintiffs' position is simple. They contend they paid for D&O liability coverage that Travelers never intended to provide.

Resolving the dispute does not require factual determinations. It requires an interpretation of the insurance contract, specifically the exclusion. It then requires an application of contract principles to the undisputed facts.

"A promise is illusory where its 'terms make performance entirely optional with the promisor.'" *Berrios v. Hovic*, No. CIV. 05-CV-192, 2010 WL 2384589, at *4 (D.V.I. June 9, 2010) (internal citations omitted). A policy is illusory only if it offers no effective protection. *Berardi v. USAA Gen. Indem. Co.*, No. 22-2231, 2023 WL 4418219, at *1 n.3 (3d Cir. July 10, 2023).

To show that the D&O liability coverage is rendered illusory by the major shareholder exclusion, Sunshine must show that there is no coverage possible under the D&O liability provision.

Contrary to defendants' contention, the D&O Liability provision is not illusory. It covers certain shareholder derivative actions, but not all. It did not cover those brought by shareholders owning greater than five percent. In other words, a derivative claim brought by a shareholder owning five percent or less of the shares was covered under the policy.

Sunshine argues that a single hypothetical situation to which coverage would apply does not mean a policy is not illusory. *Monticello Ins. Co. v. Mike's Speedway Lounge, Inc.*, 949 F. Supp. 694, 701 (S.D. Ind. 1996). However, the policy does not exclude other types of claims under the D&O liability provision, including customer claims, statutory claims, and Lanham Act claims. The ownership of shares could change. Future shareholders could hold five percent or less. In that case, there would be coverage. Therefore, the exclusion does not render the provision illusory.

Sunshine briefly argues that the exclusion provision is unclear because it conflicts with the exclusion provision. However, the plain language is clear that the D&O provision provides coverage for claims brought against the directors and officers, and the exclusion applies to claims brought by a specific type of plaintiff. *See Coakley*, 770 F. Supp. at 1051 (citing *Northbrook Ins. Co. v. Kuljian Corp.*, 690 F.2d 368, 372 (3d Cir. 1982)) (explaining policy language may not be construed beyond its plain meaning to create an ambiguity). Both the provision and exclusion can be applied without conflict.

Plaintiffs argue that summary judgment on Count III for breach of the duty of good

faith and fair dealing is premature and they are at least entitled to discovery. These claims are derivative of the breach of contract claim. Because there is no breach of contract, there can be no breach of the duty of good faith and fair dealing. *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 92 (3d Cir. 2000); *Abney v. Univ. of the V.I.*, Civ. No. 08-116, 2016 WL 2349108, at *7 (D.V.I. May 3, 2016).

## Conclusion

Travelers did not breach the contract or its duty of good faith and fair dealing when it denied coverage of the underlying shareholder derivative claim. Travelers is entitled to a declaration that it has no duty to defend and indemnify the plaintiffs in the underlying shareholder derivative action. Therefore, we will enter judgment in favor of Travelers and against the plaintiffs.